UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

HENRY HICKSON                                         CIVIL ACTION NO. 25-760-P

VERSUS                                                JUDGE DOUGHTY

TERRANCE HAULCY, ET AL.                               MAGISTRATE JUDGE HORNSBY

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Henry Hickson ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this court on May 30, 2025.  Plaintiff is currently incarcerated at the Allen Correctional Center, but claims his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana.  He names Terrance Haulcy, Danny Henshaw, Orlando Jones, Bruce Solomon, and Delores Menere as defendants.

On September 24, 2022, Plaintiff experienced a medical episode while housed at the David Wade Correctional Center.  Prison officials claimed the medical episode was the result of Plaintiff being intoxicated.

Plaintiff claims that while he was inside his assigned cell admonishing himself, he was given an order to turn around and come to the bars to be handcuffed behind his back.

He complied with the order and was placed in handcuffs behind his back.  He was then escorted to the lobby area and ordered to kneel on the floor.  He complied with the order. Plaintiff claims that as he continued to admonish himself, Major Haulcy ordered him to tell him what was happening on the tier.  He answered using expletives that nothing was happening on the tier.  He then rose from the kneeling position and was subdued by Captain Jones and Lt. Falcon.  He claims that while he was handcuffed behind his back and held by two officers, Major Haulcy sprayed him directly in the face and eyes with a chemical agent.  He claims he was then left on the floor withering in pain.

Plaintiff shouted several times that he was burning and needed water.  He claims nurse Delores Menere did not render any aid to him.  He claims Major Haulcy, Captain Henshaw, Captain Jones, and Captain Solomon made no effort to alleviate the effects of the chemical agent.  He claims he laid on the floor suffering for approximately an hour. He claims the officers laughed and mocked him.

Plaintiff was eventually led to a cell.  He claims he was not given the opportunity to decontaminate and spent the entire night experiencing intense, burning pain.

Plaintiff previously filed a complaint in this court regarding this matter.  Hickson v. Hauley, et al., 5:23-cv-378.  On February 29, 2024, the court granted Defendant's motion for summary judgment and the action was dismissed without prejudice.  The court found that Plaintiff failed to exhaust his administrative remedies because he had withdrawn his administrative grievance.  On November 4, 2024, the United States Court of Appeals for the Fifth Circuit affirmed this court's judgment.  See Hickson v. Hauley, et al., 24-30165.

Plaintiff then filed a second grievance in the administrative remedy procedure, and it was assigned case number DWCC-2025-0150.  The grievance was rejected because the issue was addressed in DWCC-2022-0590.  Plaintiff claims he has now exhausted his administrative remedies in this matter.

Accordingly, Plaintiff seeks compensatory and punitive damages, costs, and any other relief the court deems just, proper, and equitable.

## LAW AND ANALYSIS

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims.  The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used.  Id. at 280.  In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as:  "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ."  Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions.  The article subjects delictual actions to a liberative prescription of one year.  See La. C.C. art. 3492.[1]  The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action."

---

[1] La. C.C. art. 3492 was repealed by Acts 2024, No. 423, § 2, eff. July 1, 2024.  Section 3 of Acts 2024 provides "The provisions of the Act shall be given prospective application only and shall apply to delictual actions after the effective date of this Act."  Thus, La. C.C. art. 3492 is still applicable as to this complaint.

<u>Watts v. Graves</u>, 720 F.2d 1416, 1417 (5th Cir. 1983).  Finally, prescription on the claim is tolled while the administrative remedy procedure is pending.  <u>See</u> <u>Harris v. Hegmann</u>, 198 F.3d 153 (5th Cir.1999).

Plaintiff claims his civil rights were violated by Defendant on September 24, 2022. Thus, prescription began to run as to these claims on September 25, 2022.  Plaintiff's initial grievance 2022-0590 does not toll his limitations period.  When Plaintiff withdrew this grievance, it became as if it had never been filed, so it neither tolled the limitations period nor exhausted any claim.  <u>Hickson v. Haulcy</u>, 2024 WL 875825, (W.D. La. 2024) (withdrawal of grievance is equivalent to dismissal without prejudice; it's as if the action was never filed); See <u>Vallejo v. Prator, et al.</u>, 2025 WL 1572386, (W.D. La. 2025).  No timely claim against any defendant may be based on this grievance.

Plaintiff's second grievance 2025-0150 also does not toll the limitation period as it was filed after the one year limitation period expired.  The above entitled and numbered complaint was not signed by Plaintiff until May 5, 2025, was not mailed by Plaintiff until May 16, 2025, and it was not filed by the Clerk of Court until May 30, 2025.  Plaintiff's claims are therefore prescribed.

Accordingly, Plaintiff's civil rights complaint should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  <u>See</u> 28 U.S.C. § 1915(e); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986); <u>Spears v.</u>

McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in deciding whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319 (1989). See also Gartrell v. Gaylor, 981 F.3d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons stated above, the court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 21st day of July 2025.

Mark L. Hornsby
U.S. Magistrate Judge